UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RON JOHNSON, Plaintiff | CIVIL ACTION NO. 1:17-CV-01187 |
| VERSUS | JUDGE TRIMBLE |
| VICTOR JONES, *ET AL.* Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel Discovery ("Motion to Compel") (Doc. 19) filed by Defendants Victor E. Jones, Jr., Patrick Davis, and Dean Dove ("Defendants"). Defendants seek an order compelling the Plaintiff, Ron Johnson ("Johnson"), to respond to Interrogatories and Requests for Production of Documents ("discovery requests") (Doc. 19). Johnson opposes the motion. (Doc. 24). Because Johnson's responses to the discovery requests are evasive and incomplete, Defendants' Motion to Compel (Doc. 19) is GRANTED.

I. Background

Defendants allege they propounded the discovery requests on October 12, 2017. (Doc. 19, p. 1). On January 9, 2018, Johnson agreed to respond by the end of January 2018. (Doc. 19, p. 1-2). On February 7, 2018, Defendants filed a Motion to Compel and for Attorney Fees (Doc. 19), asserting that Johnson failed to respond to the discovery requests. (Doc. 19). On February 28, 2018, Johnson filed a Memorandum in Opposition to Motion to Compel (Doc. 24), asserting that he was not obligated to respond to the discovery requests which were served before a Fed. R. Civ. P. 26(f)

discovery conference. Johnson claims the requests were premature under Fed. R. Civ. P. 26(d)(1). During a motion hearing on May 15, 2018, Defendants withdrew the Motion for Attorney Fees[1] (Doc. 19) and alleged that Johnson's responses provided on May 15, 2018, were evasive and incomplete.

II. Law and Analysis

A. Standard governing the Motion to Compel

Fed. R. Civ. P. 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer or production if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. Fed. R. Civ. P. 37. An evasive or incomplete answer or response should be treated as a failure to answer or respond. Id. Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by rules, by stipulation, or by court order." Fed. R. Civ. P. 26.

A. Johnson's responses to the discovery requests are evasive and incomplete.

Johnson's responses to the discovery requests are evasive and incomplete. In Edwards v. City of Bossier City, the court granted a motion to compel discovery where a plaintiff omitted information regarding his prior medical records in his answer to an Interrogatory and failed to authorize the defendant to access his social media records as requested. See Edwards v. City of Bossier City, No. 15-1822, 2016 WL 3951216, at*4-6 (W.D. La. July 20, 2016). Here, like the plaintiff in Edwards,

---

[1] Defendants' Motion for Attorney Fees (Doc. 19) need not be decided because of Defendants' withdrawal.

Johnson failed to completely respond to the discovery requests. Id. Defendants have shown that Johnson failed to: (1) itemize his medical and hospital bills, (2) identify medical services providers who treated him during the five years preceding the incident, (3) identify witnesses who may be called at the trial, (4) state expenses and injuries resulting from the incident, (5) provide his medical records, and (6) provide authorization to obtain his medical and employment record. (Doc. 19-3 p. 2-8, 11-12). Hence, Johnson provided incomplete responses to the discovery requests.

### B. Defendants' discovery requests are no longer premature under Fed. R. Civ. P. 26(d)(1).

Defendants' discovery requests are no longer premature under Fed. R. Civ. P. 26(d)(1). In Enriquez v. Turner Indus., LLC, where a discovery request was served before the first discovery conference, the court deemed it timely served because plaintiff had been given more than thirty days after he agreed to respond to it. See Enriquez v. Turner Indus., LLC, No. 13-55-SDD-SCR, 2013 WL 3786377, at*1-3 (M.D. La. July 18, 2013). Here, Defendants have shown that Johnson was served with the discovery requests on October 12, 2017, and agreed to respond to it during a telephone conference on January 9, 2018. Id. (Doc. 19 p. 1-2). Like the plaintiff in Enriquez, Johnson has been allowed more than thirty days to respond. Hence, the discovery requests are timely served under Rule 26(d)(1).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Johnson must supplement his answers to the Interrogatories, produce documents responsive to the Requests for Production, and complete, sign, and return to the Defendants' attorney the authorizations served with the discovery requests within 21 days from service of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorney's Fees (Doc. 19) is **DENIED AS WITHDRAWN**.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __31st__ day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge