c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RON JOHNSON, Plaintiff | CIVIL ACTION NO. 1:17-CV-01187 |
| VERSUS | JUDGE DRELL |
| VICTOR E. JONES, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 38) for abuse of discovery filed by Defendants Victor E. Jones, Jr. ("Jones"), Patrick Davis ("Davis"), and Dean Dove ("Dove") (collectively referred to as "Defendants"). Plaintiff Ron Johnson ("Johnson") opposes the motion. (Doc. 41). Defendants replied (Doc. 42). Because Johnson failed to comply with the Court's discovery order, Defendants' Motion to Dismiss (Doc. 38) should be GRANTED.

I. **Background**

Johnson, proceeding *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on September 19, 2017. (Doc. 1). Johnson named Defendants in their official and individual capacities. (Doc. 1). Johnson alleges excessive force, intentional infliction of emotional distress, false imprisonment, battery, and assault. (Doc. 1).

Johnson alleges Jones, as Sheriff and Chief Law Enforcement Officer for Natchitoches Parish Sheriff's Office ("NPSO"), was responsible for the policies, practices, customs, procedures, deliberate indifference, and negligence of Davis and

Dove. (Doc. 1). Johnson alleges Jones is responsible for the hiring, training, supervision, discipline, and control of deputy personnel under his command. (Doc. 1). Johnson alleges Davis was acting under color of state law a Lieutenant in the course and scope of his employment with the NPSO. (Doc. 1). Johnson alleges Dove, was acting under color of state law as Warden, Natchitoches Parish Detention Center ("NPDC"). (Doc. 1).

Johnson was an inmate at the NPDC on August 10, 2017. (Doc. 1). He was moved to the booking area of the NPDC awaiting transfer to Rapides Parish. (Doc. 1). Johnson claims he was assaulted by Davis, who physically attacked him from the booking area to the Sally Port area, at which time he began to choke Johnson. (Doc. 1). According to Johnson, Davis had to be pulled away from him. (Doc. 1).

Johnson claims Jones failed to properly train, supervise, and discipline his employees, including Davis and Dove. (Doc. 1). Johnson claims Defendants acted with deliberate indifference to his rights and physical and mental well-being. (Doc. 1). Johnson further alleges Defendants sanctioned de facto polices, practices, and/or customs that violated his civil and constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. 1). Johnson maintains Jones developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs of battering and assaulting individuals without legal justification and using excessive force. (Doc. 1).

Johnson asserts three counts: (1) "42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments"; (2) "a Monell claim"; and (3) "Negligence, La. Civ. Code

art. 2315, Assault and Battery." (Doc. 1). Johnson seeks monetary damages, prejudgment interest, costs and expenses, and reasonable attorney's fees. (Doc. 1).

Defendants answered, asserting various affirmative defenses, including failure to state a claim for relief, qualified immunity, and prescription. (Doc. 9). On February 7, 2018, Defendants filed a Motion to Compel and for Attorney Fees, asserting that Johnson failed to respond to their discovery requests from October 12, 2017. (Doc. 19). On February 28, 2018, Johnson opposed the Motion to Compel, asserting that he was not obligated to respond to the discovery requests which were served before a Fed. R. Civ. P. 26(f) discovery conference. (Doc. 24). Johnson also asserted the requests were premature under Fed. R. Civ. P. 26(d)(1). (Doc. 24). A motion hearing was held on May 15, 2018, at which time Defendants withdrew their Motion for Attorney Fees and alleged that Johnson's responses provided on May 15, 2018, were still evasive and incomplete. (Doc. 36).

By Memorandum Order on May 31, 2018, the undersigned granted Defendants' Motion to Compel. (Doc. 36). The undersigned found that Johnson's responses to the discovery requests were evasive and incomplete, and that Defendants' discovery requests were no longer premature under Fed. R. Civ. P. 26(d)(1). (Doc. 36). The undersigned further ordered Johnson to supplement his answers to Interrogatories, produce documents responsive to the Requests for Production, and complete, sign, and return to the Defendants' attorney the authorizations served with the discovery requests within 21 days of service of the Order. (Doc. 36).

3

On July 3, 2018, Defendants filed this Motion to Dismiss (Doc. 38), seeking dismissal of Johnson's claims and cause of action, with prejudice, for abuse of discovery. (Doc. 38-1). Defendants allege they are prejudiced in their ability to prepare their defense and fully to explore the claims against them. (Doc. 38-1). Defendants allege Johnson intentionally failed to provide basic discovery information despite this Court's Order. (Doc. 38-1). At the time of filing, Defendants allege no responses have been forthcoming. (Doc. 38-1).

On July 24, 2018, Johnson, through his attorney, responded and supplemented his discovery responses "to the best of his abilities."[1] (Doc. 41). Johnson's attorney asserts Johnson is not currently in possession of any of the requested medical records or bills for treatment for the alleged injuries. (Doc. 41). He further asserts Johnson has provided the relevant names and contact information for Defendants to request records, and of potential witnesses. (Doc. 41). Counsel admits he has not forwarded signed authorizations as Johnson is "incapacitated."[2] (Doc. 41). Mr. Hayes argues this should not prevent Defendants from seeking the requested records through other means. (Doc. 41).

Additionally, counsel asserts Defendants cannot allege prejudice as they themselves took over six months to respond to Johnson's discovery requests.[3] Counsel asserts he has not willfully disobeyed this Court's discovery order and has

---

[1] Notably, Johnson attached supplemental responses to discovery, also dated July 24, 2018, the same date as his opposition to this Motion to Dismiss. (Doc. 41).

[2] There were no facts presented by Mr. Hayes as to what he means by "incapacitated."

[3] Johnson asserts he tendered discovery requests to Defendants on January 16, 2018 and received Defendants' responses in July 2018. (Doc. 41).

4

supplemented the responses to the best of his current abilities. (Doc. 41). He requests the Court deem Johnson's responses sufficient, and that less drastic sanctions than dismissal be applied given there is no evidence of intentional refusal to answer discovery requests. (Doc. 41).

On July 30, 2018, Defendants replied that Johnson failed to show his noncompliance was due to inability rather than willfulness, bad faith, or disregard of a party's responsibility. (Doc. 42). Defendants further argue that incarceration, if that is what Johnson means by "incapacitated," is no basis for failing to provide a verification or response to Requests for Production, including a medical authorization. (Doc. 42). Defendants argue Johnson's July 24, 2018 supplemental responses still failed to provide a verification or medical authorization. (Doc. 42).

On December 20, 2018, the undersigned found that Johnson's supplemental responses (Doc. 41-2) were insufficient to comply with the Court's order (Doc. 36). (Doc. 45). The undersigned ordered Johnson to file a supplemental brief addressing what additional responses have been made beyond those in his supplemental responses attached to his opposition. (Doc. 45).

On January 4, 2019, in his supplemental brief to the Court, Johnson's attorney asserts the only remaining issue was the tendering of an executed medical authorization form, which he stated has now been submitted to Defendants.[4] (Doc. 46). Additionally, counsel asserts there was no verification form was submitted with Defendants' original discovery requests, but that Johnson would sign any form

---

[4] Johnson attached a signed medical authorization and a signed employment records authorization. (Doc. 46-1).

5

submitted by Defendants. (Doc. 46). Counsel again states Johnson is not in possession of any medical records or bills. (Doc. 46). Johnson's supplemental responses advised the Defendants of Johnson's pertinent medical providers so that Defendants may obtain the subject records and bills. (Doc. 46). Johnson maintains he has given everything within his possession. (Doc. 46). Counsel argues that dismissal with prejudice is reserved for willfulness, bad faith, or disregard of a party's responsibilities, rather than noncompliance with discovery orders due to inability. (Doc. 46).

On January 8, 2019, Defendants replied. (Doc. 48). Defendants argue Johnson is required under Fed. R. Civ. P. 33 to verify, under oath, responses to discovery. (Doc. 48). Defendants assert they are not required to prepare the verification form. (Doc. 48). Defendants also assert that Johnson's attorney represented at the telephone conference on December 14, 2018 that he provided some medical records to Defendants, but his response states he has none in his possession. (Doc. 48). Defendants further assert that Johnson's supplemental responses remain evasive and incomplete as to Interrogatories Number Seven, Eleven, and Thirteen. (Doc. 48). Although Johnson was ordered on May 31, 2018 to provide a Medical Authorization form, Johnson did not do so until January 4, 2019. (Doc. 48).

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss.

Federal Rule of Civil Procedure 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f),

6

35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such further just orders include an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Rule 41 covers a much broader set of circumstances, providing generally that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see Dominguez v. Crosby Tugs, L.L.C., 16-31239, 2017 WL 3271117, at *2 (5th Cir. Aug. 1, 2017) (per curiam).

"Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir. 1992). Thus, the Fifth Circuit has limited the court's discretion to dismiss claims with prejudice. Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008). A district court's dismissal with prejudice is warranted only where a "clear record of delay or contumacious conduct by the plaintiff exists and a lessor sanction would not better serve the interests of justice." Id.

Additionally, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Millan, 546 F.3d at 326 (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986).

7

### B.     Defendants' Motion to Dismiss (Doc. 38) should be granted.

A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994); Chisesi v. Auto Club Family Ins. Co., 374 Fed.Appx. 475 (5th Cir. 2010).

Here, in its prior Order (Doc. 36), the Court found that Johnson's initial responses to discovery provided on May 15, 2018 were evasive and incomplete. (Doc. 36). The undersigned granted Defendants' Motion to Compel (Doc. 24) on May 31, 2018, ordering Johnson to produce supplemental responses to Interrogatories within 21 days of the Court's Order, responsive documents to Requests for Production, and signed authorizations. (Doc. 36). The Court previously found that Johnson, in his initial discovery responses, "failed to: (1) itemize his medical and hospital bills, (2) identify medical services providers who treated him during the five years preceding the incident, (3) identify witnesses who may be called at the trial, (4) state expenses and injuries resulting from the incident, (5) provide his medical records, and (6) provide authorization to obtain his medical and employment record." (Doc. 36).

Upon filing of this Motion to Dismiss, Defendants asserted Johnson had failed to comply with the Court's May 31, 2018 Order. (Doc. 38-1). Defendants asserted no further discovery responses were forthcoming from Johnson, and no extension was

requested by Johnson. (Doc. 38-1). The Court notes that the deadline for Johnson to comply with the Court's Order was June 21, 2018.

Johnson responded to Defendants' Motion to Dismiss. (Doc. 41). In support, plaintiff's counsel attaches Johnson's initial responses to discovery, which were provided on the date of the hearing on Defendants' Motion to Compel. (Doc. 41-1). He also provided supplemental responses, dated the same date as filing his response to this Motion to Dismiss. (Doc. 41-2). He insists that Johnson is not in possession of the medical records or bills for treatment for his alleged injuries. (Docs. 41, 46). Rather, Johnson has provided the names and contact information for Defendants to seek the records unilaterally. (Doc. 41). In his initial opposition to this motion, counsel asserts Johnson has not forwarded signed authorization forms to Defendants because he is "incapacitated." (Doc. 41). He did not specify what he means by "incapacitated." (Doc. 41).

Over six months ago the Court ordered Johnson to provide complete responses. (Doc. 36). The record shows Johnson failed to provide complete and timely supplemental discovery responses by June 21, 2018, as ordered by the Court. (Doc. 41-2). Rather, Johnson's supplemental discovery responses were not provided until he responded to this Motion to Dismiss on July 24, 2018. (Doc. 41-2). Johnson produced essentially the same discovery responses except to supplement the name of his treating providers, Jon Karnes, DC Chiro Associates, and Rapides Parish Correctional Center. (Docs. 41-1, 41-2).

As to Johnson's failure to timely comply with this Court's Order, Johnson's attorney initially argued, with no explanation or evidence in support, that Johnson is not in possession of the information or documents, and that Johnson is "incapacitated." (Doc. 41). Defendants argue that Johnson's incarceration does not make him "incapacitated." (Doc. 42). Defendants argue that Johnson has failed to show his noncompliance is due to inability, rather than willfulness, bad faith, or disregard of his responsibilities. (Doc. 42).

In Johnson's untimely supplemental responses, he identified the medical service providers who treated him within the past five years. (Doc. 41-2). Johnson has otherwise failed to supplement his responses in accordance with this Court's Order. (Docs. 36, 41-2). He has yet to identify any witnesses that may be called to trial, as requested in Defendants' Interrogatory Number Seven. (Doc. 41-2). He has not itemized any medical expenses, as requested in Defendants' Interrogatory Number Eleven. (Doc. 41-2). He has not identified his injuries resulting from the accident and whether he has or has not fully recovered, as requested in Defendants' Interrogatory Number Thirteen. (Doc. 41-2). At the time of his initial supplemental responses, Johnson had also not provided a medical authorization or employment records authorization. (Doc. 41-2). After the Court deemed Johnson's supplemental responses insufficient and ordered a supplemental briefing, Johnson provided the authorizations. (Doc. 46-1). Counsel also admits that no verification has been provided. (Doc. 46).

Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. PHI, Inc. v. Office & Professional Employees Intern. Union, 2009 WL 1658040, at *3 (W.D. La. 2009) (citing Batson v. Neal Spence Associates, Inc., 765 F.2d 511, 514 (5th Cir. 1985)). However, the courts' authority to dismiss is "based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" Berry, 975 F.2d at 1191 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).

The record is clear that Johnson violated the Court's discovery order. However, it is not clear from the record whether the violation of the Court's discovery order is attributable to the client or the attorney. While it is not clear that there was willfulness or bad faith on the part of Johnson, it is evident that discovery responses, and each supplemental response was only prompted by either a motion by Defendants or the Court's orders. Johnson did not respond to initial discovery until Defendants filed a motion to compel. (Doc. 36). Johnson did not provide supplemental responses to discovery (albeit still incomplete), per this Court's Order, until Defendants filed this Motion to Dismiss. (Docs. 38, 41-2). Johnson's supplemental briefing prompted him providing signed authorizations, but no verification. (Doc. 46).

A verification was not the subject of the Motion to Compel, nor was it contained in the Court's order. However, Rule 33(b)(3) directs that each interrogatory, to the extent it is not objected to, must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Johnson's responses to Defendants' interrogatories did

11

not comply with Rule 33(b)(3). Johnson signed his interrogatory responses but failed to verify that they were made under oath. (Docs. 41-2, 46-1).

Defendants propounded discovery in October 2017 and have yet to receive complete responses to discovery, despite the Court's orders. (Docs. 36, 38, 41). It is evident that Defendants are prejudiced in their trial preparation by Johnson's failure to produce complete responses to basic discovery. It does not appear Defendants have attempted to take Johnson's deposition to elicit further discovery. However, just this month, Johnson has provided signed authorizations, and the deadline for fact discovery was on November 2, 2018. (Doc. 17). Moreover, the final date for filing dispositive motions was December 3, 2018. (Doc. 17). A pretrial conference is scheduled for April 18, 2019, and this matter has not yet been set for trial. (Docs. 16, 17).

Here, dismissal is appropriate under Fed. R. Civ. P. 41(b). Additionally, Defendants have been prejudiced in their ability to defend against Johnson's claims due to Johnson's failure to provide even basic discovery responses despite the Court's order. Millan, 546 F.3d at 326. Lesser sanctions have been employed already to no avail. No other sanctions are available as exclusion of Johnson's damages or witnesses would be tantamount to a dismissal of his action. Johnson has given the Court no reason to believe a less drastic sanction would accomplish a deterrent effect and the Court finds a lessor sanction would not serve the best interests of justice. Thus, Defendant's Motion to Dismiss (Doc. 38) should be GRANTED.

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 38) be GRANTED.

IT IS FURTHER RECOMMENDED that Johnson's claims be DISMISSED WITH PREJUDICE in accordance with the provisions of Fed. R. Civ. P. 37(b) and 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __31st__ day of January, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Joseph H.L. Perez-Montes
　　　　　　　　　　　　　　　　　　United States Magistrate Judge